## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

**UNITED STATES OF AMERICA**           :

           **vs.**           :           **CRIMINAL NO.  3:12CR147(VLB)**

**KOREY STREATER**           :           **September 24, 2012**

### DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

### Introduction

Korey Streater could be a case study of the destructive effects of drug addiction. While using drugs he had committed a series of crimes that at age twenty-six already puts him in the highest criminal history category and put him in prison for longer and longer terms. Now, for a spree of eight robberies committed while using drugs from December of 2010  into January of 2011, Mr. Streater has effectively forfeited his freedom for at least ten years. As the Presentence Report comments:

He was raised in a single parent household by a substance abusing mother. He grew up in crime-riddled areas of New Haven and likely saw the types of activities he has been involved with at a very early age. Mr. Streater has limited education and a minimal job history. His excessive and continuous use of highly addictive and hallucinogenic substances has undoubtedly dictated a great deal of his behavior.

Presentence Report ("PSR") ¶ 87.

The Report further states that Mr. Streater must be imprisoned to prevent further crimes, i.e., to achieve the statutory objective under 18 U.S.C. § 3553(a)(2) of protecting the public, and that needs of educational and vocational training, substance abuse and mental health treatment, statutory objectives under 18 U.S.C. § 3553(a)(2), can be addressed before Mr. Streater returns to the community. PSR ¶ 88. Mr. Streater agrees with these observations and, as a counterpoint to his behavior while under the influence of mind-altering drugs as he has been for so much of his still short life, and now that he has not used drugs since his incarceration more than a year and a half ago, he has shown in prison his ability and desire to obtain much needed correctional treatment.

Like most defendants facing federal and state criminal charges, Korey Streater initially, and at the time of his guilty plea to this Court, hoped to receive concurrent federal and state sentences and to serve them in the Bureau of Prisons which tends to have better correctional programs. With the passage of time, however, Mr. Streater has deeply involved himself in Department of Corrections programs and he now hopes to serve his sentences, federal and state, concurrently in state rather than federal custody. Unlike many pre-trial and pre-sentencing detainees, who are largely idle while awaiting their sentencing days, Korey Streater has made productive use of his detention. He participates twice weekly for hour and a half sessions in a mental health group headed by a social worker that has addressed issues such as emotional stability and suicide. Earlier in his detention Mr. Streater attempted suicide by hanging and, after being treated at the UConn Health Center, was transferred to the mental health unit at the Garner Correctional Center, where he remains. PSR ¶ 62. For the past six months he has been treating with a psychiatrist and taking anti-depressant medication. PSR ¶ 62. At Garner he participates in a drug treatment program, which he attends twice weekly for an hour each meeting. Complimenting these programs, Mr. Streater has been working toward obtaining a certificate to work in prison as an inmate plumber. This hands-on training is conducted on a daily basis and will conclude in four months. Mr. Streater will not be moved to a different Department of Correction facility until he completes this program. Finally, Mr. Streater has advanced to number six on the waiting list to begin classes to obtaining GED.

In the plea agreement the parties stipulated that the Guidelines sentencing range was 84-105 months but they agreed to an above-range sentence of 120 months imprisonment, with the government agreeing not to object to "the imposition of a sentence in the instant offense to run concurrently to any sentence imposed in state court." PSR ¶ 4. As mentioned above, Mr. Streater had earlier contemplated a possible

primary federal sentence with the state sentence to run concurrently. He has made great progress while in state custody and hopes now to remain there with his federal sentence running concurrently while he is in state custody, close to family, and availing himself of what for him have been excellent programs and services. *See Setser v. United States*, __U.S. __, 132 S. Ct. 1463 ( federal courts have authority to order federal sentences to run consecutively to or concurrently with anticipated state court sentences).

A.   **The History and Characteristics of Mr. Streater**

As mentioned above and focused on in the Presentence Report, Korey Streater's life has involved all too many negative experiences. He was raised by his mother in a housing project until he was 12 and then in a poor and crime-riddled neighbor until he was 17, and at about 14 he realized his mother was an addict. PSR ¶ 54. He left school in the 10th grade, PSR ¶ 64, and at about that time began heavy and daily use of marijuana. PSR ¶ 60. At 20 he began using PCP on weekends, but his use steadily increased and by 2010 he was using it 3-4 times daily. In the months leading up to the instant offense he was also using Ecstasy on a daily basis. PSR ¶ 60. Consistent with this drug use, Mr. Streater had drug arrests and convictions that resulted in imprisonment for a year at age 17,  imprisonment for 25 months when he was 18, and imprisonment for 18 months when he was 20. PSR ¶¶ 29-33. Despite his need for drug treatment, Mr. Streater received none. PSR ¶ 61. He is now participating in a treatment program in prison and "is very open to substance abuse treatment services in the future." PSR ¶ 61.

- 4 -

B.      **The Nature and Circumstances of the Offense**

The Presentence Report details the robbery admitted to and committed by Korey Streater on January 22, 2011. On that day Mr. Streater, wearing a ski mask and armed with a pellet gun, entered the E-Z Mail & More store in East Haven, pointed the gun at the female clerk, another employee and a relative of those employees, and ordered the clerk to open the cash register door and give him the money. She complied and gave him $501. He then went behind the counter, again pointed the weapon at the persons present, and told the clerk to open the lottery cash drawer while he opened a drawer containing customer bill payments. In all, Mr. Streater took $1,413. In addition, he took the clerk's cell phone, which she was trying to use to make a 911 call, and several pieces of mail. Within days, investigators identified Korey Streater as the offender and on January 25 Mr. Streater gave a detailed statement confessing to this and seven other robberies. PSR ¶¶ 7-13.

C.      **Statutory and Guidelines Considerations**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court declared the Sentencing Guidelines advisory but required sentencing courts to consider them in "tailoring" a sentence to fit the particular defendant and the offense of conviction. Now, as before *Booker*, sentencing courts are expected to impose a sentence "sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of [18 U.S.C. § 3553(a)]". These purposes are:

> (2) the need for the sentence imposed -
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;

**(C) to protect the public from further crimes of the defendant; and**

**(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]**

18 U.S.C. § 3553(a)(2).

Under 18 U.S.C. § 3553(a), the Court must consider these enumerated factors as well as the Guidelines, in fashioning a sentence that would be sufficient but not greater than needed to achieve the statutory purposes of sentencing. Here, the Sentencing Guidelines provide an imprisonment range of 84-105 months. PSR ¶¶ 3, 73. In the plea agreement the parties stipulated to this probable Guidelines sentencing range, but they agreed that a sentence of 120 months – the statutory maximum – was reasonable and all parties waived their rights to seek a departure or a non-Guidelines sentence. The Presentence Report correctly calculates the advisory Guidelines sentencing range based upon a finding that Mr. Streater has 14 criminal history points and, therefore, is in criminal history category VI.  PSR ¶¶ 29-45. The Report also correctly calculates a total offense level of 22 as follows: base level 20 for robbery under U.S.S.G. § 2B3.1(a), two level upward adjustment under Section 2B3.1(b)(1) because property of the U.S. Postal Service was taken, three level upward adjustment under Section 2B3.1(b)(2)(E) for brandishing a dangerous weapon, and three level downward adjustment for acceptance of responsibility.

The Presentence Report contains an alternative hypothetical calculation of what the Guidelines range would have been had the instant offense and the other seven robberies, for which Mr. Streater will be sentenced in state court, all been sentenced as federal offenses. Under grouping rules, the total offense level of 22 for the instant

- 6 -

offense would have been increased by five levels to 27 and the resulting advisory Guidelines range would have been 130-160 months. PSR ¶ 85. The agreement by the parties to an above-Guidelines sentence of 120 months was made in contemplation of an effective state sentence of fourteen years' imprisonment (twenty years suspended after fourteen). A sentence of that length computed to months as in federal system will be a term of 168 months, slightly above the top of the range had all the offenses been sentenced federally. In light of that calculation, a concurrent sentence on the federal case would not minimize the seriousness of Mr. Streater's criminal wrongdoing and would reasonably weigh and reflect the other factors relevant to imposing a sentence that is sufficient but not greater than needed to achieve the fundamental purposes of sentencing.

### Conclusion

The Presentence Report  opines that Korey Streater "should consider himself fortunate that he was not the recipient or the perpetrator of serious bodily injury." PSR ¶ 87. He does. The Report also comments that the "lengthy sentence will allow the many correctional treatment needs that he has to be addressed in a secure setting." PSR ¶ 88. And it ends on a hopeful note: "It is hoped that his release from incarceration in several years will find a sober, more mature, and more prepared adult reentering the community to be productive and law-abiding." PSR ¶ 88. Korey Streater shares this hope and has been working toward achieving the goal of recovery and successful reentry while awaiting sentencing and, to sustain his progress and maintain the support he has and the correctional treatment he is receiving, he urges the Court to make the sentence in federal court concurrent with the state sentences.

- 7 -

Respectfully submitted,

**THE DEFENDANT,**
**Korey Streater**

**FEDERAL DEFENDER OFFICE**


Dated:  September 24, 2012      **/s/ Paul F. Thomas**
                                              **Paul F. Thomas**
                                              **Assistant Federal Defender**
                                              **265 Church Street, Suite 702**
                                              **New Haven, CT 06510**
                                              **Phone: (203) 498-4200**
                                              **Bar no.: ct01724**
                                              **Email: paul_thomas@fd.org**


## CERTIFICATE OF SERVICE

     **I HEREBY CERTIFY** that on September 24, 2012, a copy of the foregoing Defendant's Memorandum in Aid of Sentencing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.


                                              **/s/ Paul F. Thomas**
                                              **Paul F. Thomas**